IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DORMECO M CRAWFORD,

    Plaintiff,
v.                                   CASE NO. 1:15-cv-266-MW-GRJ

XTREME GREEN TEAM INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

On December 4, 2015, Plaintiff filed a letter, which the Court construed as a *pro se* complaint asserting a claim under the Fair Labor Standards Act ("FLSA"). (ECF No. 1.) Plaintiff did not file his complaint on the proper *pro se* filing form, nor did he either pay the $400.00 filing fee or file a motion for leave to proceed as a pauper. Accordingly, the Court ordered Plaintiff to file an amended complaint using the appropriate complaint form and to either pay the filing fee or request leave to proceed as a pauper by January 7, 2016. (ECF No. 2.)

Because Plaintiff failed to file the amended complaint or pay the filing fee or move for leave to proceed *in froma pauperis* the Court on January

11, 2016, ordered Plaintiff to show cause in writing on or before February 10, 2016, as to why his cause should not be dismissed for failure to comply with an order from the Court and for failure to prosecute. (ECF No. 3.) The Court also informed Plaintiff that failure to respond to the Court's Order within the time allotted would result in a recommendation to the district judge that the Court dismiss Plaintiff's case for failure to comply with an order from the Court and for failure to prosecute. (*Id.*) As of the date of this report and recommendation, Plaintiff has failed to respond to the Court's order.

A district court has the inherent authority to manage its own docket "to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Plaintiff has failed to respond to either of the Court's orders. Plaintiff's last—and only—action in this case was the filing of his initial letter alleging

that his former employer owed him pay stubs, benefits, and back pay, which the Court construed as a complaint under the FLSA. Plaintiff has also failed to show cause as directed for his failure to file an amended complaint and either pay the filing fee or request leave to proceed as a pauper. Thus, this case is due to be dismissed for failure to prosecute and failure to comply with an order of the Court.

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to prosecute and failure to comply with an order of the Court, and the case closed.

**IN CHAMBERS** this 12th day of February, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

*Case No: 1:15-cv-266-MW-GRJ*